# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMEL DIXON,<br><br>           Plaintiff,<br><br>   v.<br><br>F. GONZALES, et al.,<br><br>           Defendants.<br>_____ / | CASE NO. 1:09-CV-00172-OWW-DLB PC<br><br>ORDER REGARDING MOTION FOR JUDICIAL NOTICE<br><br>(DOC. 24)<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Gemmel Dixon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 28, 2009. Doc. 1. The Court screened Plaintiff's complaint on May 8, 2009, and found that if failed to state a claim. Doc. 9. Plaintiff was provided with the opportunity to file an amended complaint.

On June 2, 2009, Plaintiff filed his first amended complaint. Doc. 13. On October 21, 2009, the Court issued Findings and Recommendations recommending dismissal of certain claims. Doc. 16. The Magistrate Judge had found that Plaintiff stated cognizable Eighth Amendment claims as to Defendants Gonzales, Carrasco, Zanchi, Peterson, and Gentry for failure to protect, but Plaintiff failed to state any other claims. On December 21, 2009, the District Judge assigned to this action adopted the findings and recommendation. Doc. 18.

On December 24, 2009, Plaintiff filed a motion to amend his civil rights complaint. Doc. 19. On June 22, 2010, the District Judge granted Plaintiff's motion. Doc. 22.

1    Plaintiff had filed his second amended complaint on June 22, 2010, prior to receiving the Court's June 22, 2010 Order.  Pending before the Court is Plaintiff's motion entitled "Motion of Judicial Notice and Request."

    Plaintiff is unclear as to the Court's June 22, 2010 order and requests clarification. Plaintiff contends that he filed a second amended complaint regarding his dismissed claims, but did not re-amend as to his Eighth Amendment claims.  As stated previously in the Court's June 22, 2010 Order, an amended complaint supersedes a previous complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.  This is because once an amended complaint is filed, the previous complaint is no longer controlling and is treated as non-existent.  If Plaintiff wishes to preserve his Eighth Amendment claims in this action, Plaintiff must re-allege those claims in his amended complaint.

    If Plaintiff chooses to file a third amended complaint, Plaintiff must do so within twenty-one (21) days from the date of service of this order.  If no third amended complaint is timely filed, the Court will screen Plaintiff's second amended complaint.

    Accordingly, it is HEREBY ORDERED that Plaintiff is to file a third amended complaint within twenty-one (21) days from the date of service of this order.

    IT IS SO ORDERED.

**Dated:   November 29, 2010**           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE