# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMEL DIXON, | CASE NO. 1:09-CV-00172-OWW-DLB PC |
| Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| F. GONZALES, et al., | (DOC. 27) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I.   Background

Plaintiff Gemmel Dixon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 28, 2009. Doc. 1. The Court screened Plaintiff's complaint on May 8, 2009, and found that if failed to state a claim. Doc. 9. Plaintiff was provided with the opportunity to file an amended complaint. On June 2, 2009, Plaintiff filed his first amended complaint. Doc. 13. On October 21, 2009, the Court issued Findings and Recommendations recommending dismissal of certain claims. Doc. 16. The Magistrate Judge had found that Plaintiff stated cognizable Eighth Amendment claims as to Defendants Gonzales, Carrasco, Zanchi, Peterson, and Gentry for failure to protect, but Plaintiff failed to state any other claims. On December 21, 2009, the District Judge assigned to this action adopted the findings and recommendation. Doc. 18.

1    On December 24, 2009, Plaintiff filed a motion to amend his civil rights complaint. Doc.
2 19. On June 22, 2010, the District Judge granted Plaintiff's motion. Doc. 22. Plaintiff filed his
3 second amended complaint on June 22, 2010, prior to receiving the District Judge's order.
4 Plaintiff omitted his cognizable claims. Plaintiff then filed a motion on August 16, 2010,
5 requesting clarification as to whether he had preserved his cognizable claims. On November 30,
6 2010, the Court issued an order requiring Plaintiff to file a third amended complaint if he wished
7 to preserve his cognizable claims. Plaintiff filed his third amended complaint on December 30,
8 2010. Doc. 27.

9    The Court is required to screen complaints brought by prisoners seeking relief against a
10 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
11 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
12 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
13 that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
14 § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been
15 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
16 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
17 1915(e)(2)(B)(ii).

18    A complaint must contain "a short and plain statement of the claim showing that the
19 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
20 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
21 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
22 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
23 matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
24 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

25 **II.    Summary Of Third Amended Complaint**

26    Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi,
27 California, where the events giving rise to this action occurred. Plaintiff names the following as
28 Defendants: F. Gonzales, warden of CCI; Facility 4A captain D. Zanchi; associate warden M.

2

Carrasco; Facility 4A lieutenant J. Peterson; director of D.R.B. S. Hubbard; correctional counselor III of CSU S. Albritton; I.G.I. lieutenant Gentry; and correctional counselor II D. Cowee.  Plaintiff also names E. Arnold, chief of the CSU, in the body of his third amended complaint.

Plaintiff alleges the following.  On November 20, 2007, Defendants failed to protect Plaintiff from harm.  Pl.'s Third Am. Compl. 5.[1]  Plaintiff had been previously found guilty of involvement in a prison riot between black and Hispanic inmates.  *Id.*  Plaintiff received a secured housing unit ("SHU") term of four months, and was released on September 29, 2007.  *Id.*  Plaintiff went before the Institutional Classification Committee ("ICC") on October 24, 2007.  *Id.*  Plaintiff was cleared to be housed in the 4A general population maximum security yard.  On November 17, 2007, CCI prison officials had received information of security concerns for Plaintiff, but failed to act.  *Id.*

On November 20, 2007, Plaintiff was attacked by two black inmates.  *Id.* at 6.  Defendant Gonzales as warden was liable for failing to follow departmental policies or procedures.  *Id.* at 7. Defendant Carrasco as associate warden was responsible for failing to prevent serious harm to Plaintiff.  *Id.*  Defendant D. Zanchi was liable for failing to take any steps to prevent this attack. *Id.*  Defendant Peterson was responsible for failing to take any steps to prevent the attack.  *Id.* at 7-8.  Defendant Gentry was in charge of the institutional gang investigation unit, but failed to follow departmental procedures to prevent this attack.  *Id.* at 8.  Defendant D. Cowee processed the confidential information, but failed to follow departmental procedures to prevent this attack.  *Id.*  Plaintiff contends that CCI Defendants knew of this impending attack and failed to act to prevent it.  *Id.* at 50.

Plaintiff contends that Defendant Carrasco attempted to turn Plaintiff as a snitch by offering Plaintiff placement in the sensitive needs yard ("SNY").  *Id.* at 51.  Plaintiff refused.  *Id.*  The ICC then recommended Plaintiff be placed on indeterminate SHU term.  *Id.*  Plaintiff contends that Defendant Carrasco retaliated against Plaintiff for his refusal to become a snitch by

---

[1]The page numbering refers to the court's docket.

1  recommending him for indeterminate SHU. *Id.* The matter was referred to the Departmental
2  Review Board ("DRB") for housing placement. *Id.* at 52.
3        On June 27, 2008, the DRB, which includes Defendants S. Hubbard, S. Albritton, and E.
4  Arnold, elected to retain Plaintiff for an indeterminate SHU term, not for safety reasons but
5  because of his assaultive and disruptive disciplinary history. *Id.* at 9-11. Plaintiff was not
6  allowed to appeal this decision.
7        Plaintiff alleges a violation of the Eighth Amendment, the First Amendment, the Due
8  Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth
9  Amendment. Plaintiff requests as relief declaratory judgment; a permanent injunction against
10 CDCR or DRB to release Plaintiff from the SHU and restore all lost credits; compensatory and
11 punitive damages; and costs of suit.
12 **III.**    **Analysis**
13       **A.**    **Eighth Amendment**
14       The Eighth Amendment protects prisoners from inhumane methods of punishment and
15 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
16 2006). Extreme deprivations are required to make out a conditions of confinement claim, and
17 only those deprivations denying the minimal civilized measure of life's necessities are
18 sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,
19 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take
20 reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250
21 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must
22 allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk
23 of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152
24 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to
25 establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at
26 835; *Frost*, 152 F.3d at 1128.
27       Here, Plaintiff alleges that the CCI Defendants, F. Gonzales, D. Zanchi. M. Carrasco. J.
28 Peterson, Gentry, and D. Cowee knew that Plaintiff would face an imminent attack if he was

released into the general population, but failed to do anything to prevent the attack. Under federal pleading standards, this is insufficient to state a claim. Plaintiff alleges only that Defendants had knowledge of the attack beforehand. That is a conclusory statement, and insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Plaintiff fails to plead facts which demonstrate that Defendants had knowledge of a substantial risk of harm to Plaintiff.

### B. First Amendment and Due Process

Plaintiff alleges that Defendants Hubbard, Albritton, and Arnold, the DRB Defendants, violated Plaintiff's First Amendment rights by not allowing him to appeal their decision placing Plaintiff on indeterminate SHU. Plaintiff has a right to petition the government for redress pursuant to the First Amendment. However, Plaintiff does not appear to have had this right violated. Plaintiff was able to seek redress in court for his claims against the DRB Defendants by this action. Thus, Plaintiff fails to state a First Amendment claim.

Plaintiff also contends a due process violation for not allowing Plaintiff to present evidence to dispute his placement in indeterminate SHU. Plaintiff fails to state a claim. Based on the submitted exhibits, the DRB's actions were for purposes of Plaintiff's classification status. Plaintiff fails to allege a liberty interest in his classification status. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff has failed to allege an atypical and significant hardship for the DRB's imposition of an indeterminate SHU term. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Plaintiff also contends retaliation by Defendant Carrasco for placing Plaintiff in indeterminate SHU after he refused to accept placement in the SNY. Plaintiff fails to state a claim. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff fails to state a claim for retaliation.  Refusing to accept placement in the SNY is not conduct that merits constitutional protection under the First Amendment.

### C. Equal Protection

Plaintiff alleges a violation of the Equal Protection Clause.  Plaintiff fails to state a claim.  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Plaintiff alleges no facts that remotely indicate he is being treated differently from other similarly situated persons.

### IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a fourth amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's third amended complaint is dismissed for failure to state a claim, with leave to file a fourth amended complaint within **thirty (30) days** from the date of service of this order;
3. Plaintiff may not add any new and unrelated claims to his complaint, and any attempt to do so may result in the complaint being stricken; and
4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 21, 2011**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE