# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMEL DIXON, | CASE NO. 1:09-CV-00172-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| F. GONZALES, et al., | (DOC. 35) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.     Background**

Plaintiff Gemmel Dixon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 28, 2009. Doc. 1. The Court screened Plaintiff's complaint on May 8, 2009, pursuant to 28 U.S.C. § 1915A, and found that if failed to state a claim. Doc. 9. Plaintiff was provided with the opportunity to file an amended complaint. On June 2, 2009, Plaintiff filed his first amended complaint. Doc. 13. On October 21, 2009, the Court issued Findings and Recommendations recommending dismissal of certain claims. Doc. 16. The Magistrate Judge had found that Plaintiff stated cognizable Eighth Amendment claims as to Defendants Gonzales, Carrasco, Zanchi, Peterson, and Gentry for failure to protect, but Plaintiff failed to state any other claims. On December 21, 2009, the District Judge assigned to this action adopted the findings and recommendation. Doc. 18.

On December 24, 2009, Plaintiff filed a motion to amend his civil rights complaint. Doc. 19. On June 22, 2010, the District Judge granted Plaintiff's motion. Doc. 22. Plaintiff filed his second amended complaint on June 22, 2010, prior to receiving the District Judge's order. Plaintiff omitted his cognizable claims. Plaintiff then filed a motion on August 16, 2010, requesting clarification as to whether he had preserved his cognizable claims. On November 30, 2010, the Court issued an order requiring Plaintiff to file a third amended complaint if he wished to preserve his cognizable claims. Plaintiff filed his third amended complaint on December 30, 2010. Doc. 27. On July 21, 2011, the Court screened Plaintiff's third amended complaint and found that it failed to state a claim. Doc. 31. Plaintiff was provided one more opportunity to amend. On September 7, 2011, Plaintiff filed his fourth amended complaint. Doc. 35.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

///

///

## II. Summary Of Fourth Amended Complaint

Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names the following as Defendants: F. Gonzales, warden of CCI; associate warden M. Carrasco; Facility 4A captain D. Zanchi; Facility 4A lieutenant J. Peterson; correctional counselor II D. Cowee; director of CDCR S. Hubbard; E. Arnold, chief of the CSU; Institutional Gang Investigator ("IGI") lieutenant Gentry; and correctional counselor S. Albritton.

Plaintiff alleges the following. A confidential memorandum was authored by IGI at CCI on November 17, 2007 and placed in Plaintiff's central file. Fourth Am. Compl. 4. Plaintiff was recommended for transfer to another institution because of safety concerns. *Id.* Defendant F. Gonzales is responsible for the safety of inmates under his charge. *Id.* Defendant Gonzales failed to ensure that procedures were followed. *Id.* CDCR policy called for Plaintiff's immediate removal from the general population to administrative segregation. *Id.*

Defendant M. Carrasco failed to act within her authority to ensure that CCI staff executed procedures to prevent assaults such as the one that occurred to Plaintiff. *Id.* at 5. Defendant Zanchi was the active captain on November 17, 2007 when the information regarding an imminent attack on Plaintiff was placed into Plaintiff's central file. *Id.* The assault occurred on November 20, 2007. *Id.* Defendant Zanchi took no reasonable steps to avert the attack. *Id.* Defendant Peterson, the active lieutenant, failed to ensure that CDCR procedures involving security were executed and enforced by staff under his authority. *Id.* Defendant Cowee demonstrated his knowledge of the threat of assault, but made no effort to warn Plaintiff of the threat or remove him. *Id.* at 5-6.

As a result of Plaintiff being assaulted, Plaintiff was recommend by the Institutional Classification Committee ("ICC") for an indeterminate Security Housing Unit ("SHU") term for safety reasons. *Id.* at 7. Plaintiff refused to accept placement in the Sensitive Needs Yard and refused to become an informant. *Id.* Plaintiff's classification status was referred to the Departmental Review Board ("DRB"). *Id.* On June 27, 2008, the DRB, composed of Defendants S. Hubbard, E. Arnold, and S. Albritton, reviewed Plaintiff's case, and rejected the

3

ICC's rationale of placing Plaintiff in indeterminate SHU for safety reasons. *Id.* However, the DRB still imposed an indeterminate SHU term based on Plaintiff's past violent and disruptive behavior. *Id.* Plaintiff complains that DRB Defendants denied Plaintiff due process, including notice of any impending disciplinary infractions, the right to call witnesses, and the right to be present at the DRB hearing. *Id.* at 7-8.

Plaintiff requests declaratory relief, a permanent injunction ordering the restoration of all lost credit and barring Plaintiff being housed in CCI, compensatory and punitive damages, and legal fees, including attorney fees.

## III. Analysis

### A. Failure To Protect

Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment rights by failing to protect him from harm. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff fails to state an Eighth Amendment claim against Defendants F. Gonzales, M. Carrasco, D. Zanchi, and J. Peterson. Plaintiff alleges that these Defendants failed to ensure that proper procedure was followed to prevent this attack. Plaintiff appears to be alleging liability based on their supervisory roles. The term "supervisory liability," loosely and commonly used by

4

both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor* v. *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges no facts that indicate Defendants Gonzales, Carrasco, Zanchi, and Peterson personally participated in the alleged constitutional violation, knew of violations and failed to act, or implemented a policy so deficient that the policy itself is the moving force of the violation. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045. Plaintiff alleges no facts that demonstrate Defendants Gonzales, Carrasco, Zanchi, and Peterson knew of an impending attack against Plaintiff. Mere placement of a confidential memo in Plaintiff's central file does not demonstrate that these Defendants knew of a substantial risk of serious harm.

Plaintiff fails to state an Eighth Amendment claim against Defendant D. Cowee. Plaintiff alleges that Defendant Cowee was aware of the potential risk of serious harm to Plaintiff based on his signature on the confidential information disclosure form. Fourth Am. Compl., Ex. A. However, the signature is dated December 21, 2007, a month after Plaintiff was allegedly attack. This fails to demonstrate that Defendant Cowee knew of and disregarded a substantial risk of serious harm to Plaintiff.

Plaintiff fails to state an Eighth Amendment claim against Defendant Gentry. Plaintiff

alleges no facts that demonstrate Defendant Gentry violated Plaintiff's constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") (internal quotations omitted).

### B.  Due Process

Plaintiff alleges that Defendants Hubbard, Arnold, and Albritton violated Plaintiff's due process rights. Based on the submitted exhibits, the DRB's actions were for purposes of Plaintiff's classification status. Plaintiff fails to allege a liberty interest in his classification status. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff has failed to allege an atypical and significant hardship for the DRB's imposition of an indeterminate SHU term, and thus has failed to allege a liberty interest. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Even assuming Plaintiff alleged a liberty interest, Plaintiff would not state a claim. Placement in indeterminate SHU for housing purposes, not disciplinary, is treated as similar to placement in administrative segregation. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (in context of gang validation, finding of indeterminate SHU placement for housing purposes is

6

administrative discretion); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (due process for administrative segregation placement requires only informal nonadversary hearing within a reasonable time after prisoner is segregated, informing the prisoner of the reasons for considering segregation, and allowing prisoner to present his views), *overruled in part on other grounds*, *Sandin*, 515 U.S. 472.  The prisoner is not entitled to "detailed written notice of charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100-01 (citations omitted).

Here, based on the submitted exhibits, Plaintiff was provided an opportunity to present his views regarding indeterminate SHU term.  After the DRB Defendants approved an indeterminate SHU term due to Plaintiff's prior disruptive disciplinary history, Plaintiff's classification status was referred back to ICC for a decision.  Ex. B, p.4, dated August 14, 2008.  The ICC then chose to adopt the DRB's decision.  Plaintiff was present at this initial SHU review and expressed his disagreement with the DRB's decision.  The Court finds that Plaintiff was provided a hearing, informed of the reasons for the indeterminate SHU term, and was allowed to present his views, as required under *Toussaint*.  Assuming that Plaintiff has a liberty interest regarding an indeterminate SHU term, Plaintiff received the required due process.  Plaintiff fails to state a due process claim against Defendants Hubbard, Arnold, and Albritton.

## IV.    Conclusion And Recommendation

Plaintiff has failed to state a claim against any Defendants.  Plaintiff has had several opportunities to amend his complaint to state a claim, but is unable to do so.  The Court does not find that Plaintiff will able to cure the deficiencies of his complaint.  Further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  This action be dismissed with prejudice for failure to state a claim upon which relief may be granted;

2.  This dismissal should subject Plaintiff to the "three strikes" provision of 28 U.S.C. § 1915(g).

1  These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2011**                    /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE